**FILED**

**MARCH 7, 2008**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED

MAR – 6 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR 0 6 2008

NORTHERN DISTRICT OF ILLINOIS
DIVISION

)
)
)
)
Edna Lewis-Ramey )          CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. )
)          08CV1358
John E. Potter )          JUDGE GETTLEMAN
Postmaster General )          MAGISTRATE JUDGE NOLAN
U. S. Postal Service )
(Name of the defendant or defendants) )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Edna Lewis-Ramey__ of the county of __Will__ in the state of __Illinois__.

3. The defendant is __John E. Potter, Postmaster General, USPS__, who resides at (street address) __475 L'Enfant Plaza, S.W.__ (city) __WASHINGTON__ (county)_____ (state) __DC__ (ZIP) __20260-0010__ (Defendant's telephone number) (____) – _____

4) The plaintiff sought employment or was employed by the defendant at

(street address) _3900 GABRIELLE LN_____

(city) AURORA_____ (county) DUPAGE____ (state) IL____ (ZIP code) 60599

5. The plaintiff [check one box]

(a) ☐    was denied employment by the defendant.

(b) ☐    was hired and is still employed by the defendant.

(c) ☒    was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month)_____May,____ (day)___17__ , (year) 2006 .


7.   (a) The plaintiff [check one box] ☐ *has not* filed a charge or charges against the defendant ☒ *has*

asserting the acts of discrimination indicated in this complaint with any of the following    government agencies:

(i)    ☒ the United States Equal Employment Opportunity Commission on or about
(month)_August___ (day)___18_ (year) 2006__ .

(ii)    ☐ the Illinois Department of Human Rights on or about
(month)_____ (day)_____ (year)_____.

(b)    If charges *were* filed with an agency indicated above, a copy of the charge is

attached.    ☒ YES   ☐ NO

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.


8.  (a) ☐    the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒    the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) December

(day) 11 or 12 (year) 2007__ a copy of which *Notice* is attached to this complaint.

(Guide to Civil Cases for Litigants Without Lawyers: Page 44)

9. The defendant discriminated against the plaintiff because of the plaintiff's [check all that apply]

   (a) ☐ Age (Age Discrimination Employment Act).

   (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (c) ☐ Disability (Americans with Disabilities Act)

   (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

   (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981). *Reverse Discrimination*

   (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

   (g) ☐ Sex (Title VII of the Civil Rights Act of 1964) *See additional page*

10. The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. §1983).

    ☒ YES    ☐ NO

11. Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); over 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; over the A.D.E.A. by 42 U.S.C.§12117.

12. The defendant [check all that apply]

    (a) ☐ failed to hire the plaintiff.

    (b) ☒ terminated the plaintiff's employment.

    (c) ☒ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ other (specify): *Although Terry Mallory, BSA Manager, gave me an excellent 2005 end-of-year evaluation for my performance, he didn't select me for my position that was upgraded from EAS-13 to EAS-16 through reorganization. Because of the nonselection, it was possible for me to be reassigned to a position up to 100 miles away in one direction or be terminated. The early retirement, with 8% penalty, was my only secure postal source of income to choose, constructive discharge.*

    (Guide to Civil Cases for Litigants Without Lawyers: Page 45)

Item 9 continued

Reprisal, due to prior EEO activities against Terry Mallory, was the reason for his discrimination against me which caused my constructive discharge.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

*My performance and the evaluations by Terry Mallory, reflecting the same, warranted my selection. The letters of Appreciation from many of my customers and the District Manager prove my excellent job performance. The EEO activities against Terry Mallory, reprisal, is the only reason for my nonselection. I was the only Black in office and only one Non Selected. See Additional Page*

14. [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [check all that apply]

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☐    Direct the defendant to re-employ the plaintiff.

(c) ☐    Direct the defendant to promote the plaintiff.

(d) ☐    Find that the defendant failed to reasonably accommodate the plaintiff's religion.

(e) ☐    Find that the defendant failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒    Direct the defendant to (specify): *Compensate me for the four years for which I took the constructive discharge.*

_____

_____

_____

_____

_____

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(Guide to Civil Cases for Litigants Without Lawyers: Page 46)

13 continued

I started working for the Postal Service in August of 1980 in the Central Region, Downtown Chicago. I always received Letters of Commendation for outstanding performance, available upon request. I started working in the Business Service Network; BSN, in February of 1993. We had a lot of different managers. When Jerry Mallory lost his position as Account Rep, he came to the BSN. He used to come in my cubicle and talk to me and say that he wanted to go with me to visit my customers because he used to have some of the same customers. He used to say that in the office staff meetings also. That never happened. Jerry started harassing me for taking too many minutes in the washroom. He knew I had a boy friend on the workroom floor. I filed EEOs on Jerry Mallory. My evaluations were always met requirements to Excellent by Jerry Mallory for my work performance. The last end-of-year evaluation by T.M. stated that I had an excellent FY'05.

The goal of the BSN was to provide Excellent Customer Service to our customers who spent at least $250,000 a year in Postal revenue. I received Letters of Appreciation about half of my customers or more, and from the District Manager, thanking me for providing excellent customer service. No one else had as many as I did. There was a reorganization of the BSN and the levels were raised from EAS-13 to EAS-16. I was the only Black CSR in the office. Jerry Mallory is a Black Male. I was the only CSR non selected. Kristy Bohm, White CSR, domiciled downstate in Peoria, position was nonexistent because they didn't want any domiciled positions anymore.

My EEO Representative, Don Strauther, summarized the case in the attached appeal of the final agency decision.   See addition pages

**Edna Lewis-Ramay**
**Complainant**

**Agency** Case No. 4J-604-0093-06
EEOC Case No. 440-2007-00058X

V.

Formal Complaint Filed: August 18, 2006

John E. Potter
Postmaster General
United States Postal Service

This is an appeal of the June 7, 2007, final agency decision of the United States Postal
Service (herein referred to as FAD) finding no discrimination in the above referenced
matter.

The agency has allegedly articulated several facially legitimate non-discriminatory
explanations for its action. However, the inconsistencies, and contradictions in the
agency's proffered reasons for its subject actions is simply a pretext for discrimination.

Evidence of records disclosed that on February 14, 2006, employees were informed of
the restructuring of the BSN Office. As such, all Senior CSR EAS-16 and CSR EAS 13
positions at the district office were abolished. The FAD reflects that on April 11, 2006,
the agency posted five (5) BSN Representative EAS-16 positions due to the subject
restructuring. Terry Mallory, Manager, Business service Network, testified that
application process was opened to affected employees only. Record evidence disclosed
that the Business Service Network Organization prior to the restructuring consisted of
Manager Mallory, one (1) Senior CSR EAS-16, and five CSR EAS-13 positions. Record
evidence further disclosed that the complainant held one (1) of the EAS-13 positions and
one (1) was vacant. On April 25, 2006, Complainant submitted the required application.
On May 15, 2006, Manager Mallory notified Complainant that she was non-selected for
aforementioned vacancy. Aff A, Aff B, Exhibits 4, 5, 7

Manager Mallory proclaimed that there was no promotion review committee. He further
testified that because there were four (4) affected employees he interviewed the
applicants. He stated that a promotion committee is required for five (5) or more
applicants. Evidence of record disclosed that five (5) applicants were considered. The
five (5) applicants were Donna Anderson, Rosanna Sarniak, Kristy Behm, Patti birkhead,
and the Complainant. Handbook EL-312, Part 743.52 Review Committee, 743.521
Review Committee Function, states in part: When five (5) or more applications are
received, the selecting official with the vacancy must designate a review committee of at
least three (3) members. Manager Mallory testified that he (Selecting Official) and
Bernard Baynes, Manager BSN Northern Illinois District, interviewed the applicants.
Manager Mallory averred that everyone in the unit was required to compete for the new
positions. He further proclaimed that no CSR was moved into the BSN position without
having to compete for their position. It should be noted that the complaint file is absent
any testimony from aforementioned manager relative to Complainant's interview.
Affidavit b, Pages 10, 18, 22, Exhibits 21, Page 6

Manager Mallory asserted that his rejection of Complainant was based upon her work history, a poor interview, and an unsatisfactory 991 (Application). He further testified that his selection was based on his overall assessment of who he determined were best qualified, Aff.B. Record evidence disclosed that on May 16, 2006, Manager Mallory informed Complainant that her non-selection was not a reflection upon her knowledge, skills, or ability. 1F.Exhibit 13

Complainant testified that her last three (3) reviews rated her from satisfactory to excellent. Manager Mallory asserted that Complainant's ratings were based upon the limited parameters in the Performance Evaluation System. He further stated that some of the goals were group goals. It should be noted that three (3) of the members of the group were promoted. However, Complainant wasn't included. Evidence of record disclosed that aforementioned rating forms reflect ratings as: (1) Non Contributor, (2) Contributor, (3) High Contributor, and (4) Exceptional Contributor. As such Manager Mallory's contention that the Performance Evaluation System provided parameters as to the rating of Complainant lacks credence. There was nothing which would have precluded Manager Mallory from rating Complainant as a Non Contributor had her performances reflected the same. Therefore, it is ludicrous for the agency to attempt to persuade the trier of facts that Manager Mallory's evaluation of the Complainant was based upon limited parameters. Aff A, Aff B, Exhitib 9, FAD

Manager Mallory proclaimed that he had numerous discussions with Complainant relative to her performance. However, the complaint file is absent documentation to support the same. Manager Mallory testified that such discussion commenced September 2003. Therefore, it would appear that it was approximately two (2) years (August 5, 2005) before Complainant was issued formal disciplinary action. Aff B, Page 27, Exhibit 17.

Manager Mallory averred that information on Complainant's 991 was not specific enough to determine exact time frames. He stated that Complainant's 991 reflected some tasks performed that were over ten (10) years old. However, he failed to state as to what efforts, if any, he utilized to verify or clarify information on complainant's 991, as reference names, and phone numbers provides for such. Manager Mallory testified that Complainant's 991 did not conform to the Star Format. Evidence of records revealed that Complainant's 991 format was very similar to comparison employee Donna Anderson. It should be noted that said comparison employee failed to include reference numbers on her 991. Record evidence disclosed that Complainant had a rich amount of experience commencing some thirty (30) plus years. A review of Publication 555, September 1999, failed to identify the time periods an applicant is limited to reflecting such experience on their 991. Complainant's 991, however, reflect experience gained subsequent to February 1993 and current. Aff B, Exhibits 7, 12, 23.

3

Complainant recognizes tat having more years of experience than any of the selectees does not necessarily make an individual more qualified to meet the needs of the agency. Complainant further recognizes that the agency has the discretion to choose among equal candidates. Complainant does not question the qualifications of the three (3) candidates selected. However, it is Complainant's position that absent her previous EEO activity and based upon her qualifications, she also should have received one of the five (5) vacancies. Aff A

It should be note that the Investigative File lacks evidence that could provide additional information. There is no 991 (Application) from comparison employee Kristy Behm. The basis of her rejection is not included in subject file. The functional purposes, requirements, duties and responsibilities of the position Customer Service Representative, EAS 13, abolished due to restructure relative to the newly established BSN Representative EAS 16, is not included; therefore, a comparison of required qualification is not feasible. IF

The FAD states that Manager Mallory testified that he followed the guidelines per Applicant's Guide for Responding to Personnel Selection Requirements on Form 991, Publication 555, September 1999, relative to the STAR format to review the candidates' 991, FAD, Page 14. A review of Manager Mallory's affidavit (some 35 pages and 3 pages of questions submitted by EEO Investigator MacDonell) failed to reveal that Manager Mallory makes any reference to the aforementioned guidelines. The FAD states that Manager Mallory testified that he followed the guidelines of USPS Handbook EL 350, November 1989, Establishing Nonbargaining Requirements EAS and USPS Handbook EL 312 Employment and Placement, September 2001, Section 714, Selection Definitions and Philosophy and Section 742, Selection Principles relative to selecting the candidates who best meet the needs of the position. Again reviewing manager Mallory's affidavit consisting of 38 pages, there is no testimony relative to the aforementioned guidelines. In as much as Manager Mallory failed to follow subject guidelines, the validity of the promotions is questionable. Aff B, exhibits 20, 21, 23 FAD

The FAD alleged that Manager Mallory testified that he discussed the proper STAR format (each example should demonstrate the situation/task actions you took to resolve/complete situation/task and the results) with all employees at staff meetings and provided them with resources in terms of personnel writing tools. However, record evidence disclosed that Manager Mallory testified that he discussed the essence of the STAR format at staff meetings and informed them that there were numerous resources available to assist in writing 991s. Evidence of record failed to disclose that he provided such. FAD, Aff B, page 30. The FAD further alleged that Manager Mallory testified that he followed the guidelines per Applicant's Guide for Responding to Personnel Selection Requirements on Form 991, Publication 555, September 1999 relative to the STAR format to review the candidates' 991s. Record evidence failed to disclose that Manager Mallory testified to the aforementioned regulations. Aff. B, Pages 30-33, Exhibit 23

4

Regarding Complainant's position that her VERA constituted a constructive discharge; [illegible] Complainant Complainant testified that she was informed by Manager Mallory and Pat Needham, NAPS (National Association of Postal Supervisors) that she could be assigned a position up to 100 miles in one direction. Complainant further stated that Manager Mallory informed her that if she was offered a position and she refused it, she would be terminated. Complainant asserted that she was informed in a meeting that a list of available details which could lead to permanent positions would be given to unsuccessful candidates. Complainant proclaimed that she inquired from HR General Principal Barbara Jones as to the aforementioned list. She asserted that Ms. Jones questioned her as to why Manager Mallory informed them of such as they only post positions. Complainant testified that based upon Manager Mallory's past treatment toward and possibility of being assigned 100 miles from home while raising a family, as a single parent, and the uncertainty that existed, she elected to take the VERA as it provided something concrete. Aff. A, Exhibits 14, 15.

Note: Record evidence disclosed that inorder to secure and affidavit from HR General Principal Barbara Jones relative to Complainant's allegations that on September 29, 2006, EEO Investigator Joan MacDonnel forwarded 16 questions to Ms. Barbara Jones relative to Complainant's allegations. Said evidence failed to disclose that subject questions were answered by HR General Principal Jones. It appears that the affidavit in question simply consist of the BSN Employee Timeline. Aff. C, Exhibit 3.

Conclusion:

For the above reasons Complainant has proven by a preponderance of the evidence that the agency's articulated non-discriminatory explanation for its actins are merely a pretext for discrimination. Also, for the reasons stated herein Complainant has proven that the Agency's articulated reasons were not credible but simply a pretext to mask discriminatory action directed toward Complainant when she was denied a promotion to the position of Business Service Network Representative, EAS-16. Also Complainant has shown by a preponderance of the evidence that a reasonable person under similar work employment would have chosen VERA.

Edna S. - Ramey
Edna Lewis-Ramey
Complainant

(h) ☒        Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)       _Edna Lewis-Ramey_

(Plaintiff's name)          _Edna Lewis-Ramey_

(Plaintiff's street address)    _739 Countryside Dr._

(City) _Bolingbrook_   (State) _IL_   (ZIP) _60490-5459_

(Plaintiff's telephone number) (_630_) – _378-5327_



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Edna C. Lewis-Ramey,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120073213

Agency No. 4J604009306

Hearing No. 440200700058X

DECISION

Complainant timely initiated an appeal from a final agency decision (FAD) concerning her complaint of unlawful employment discrimination in violation of VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission affirms the agency's final decision.

Complainant sought EEO counseling and subsequently filed a formal complaint on August 18, 2006, alleging that she was discriminated against on the basis of reprisal for prior EEO activity, when on May 17, 2006, she was not selected for the position of Business Service Network (BSN) Representative, EAS-16, and when she was forced into retirement through the agency's Voluntary Early Retirement Authority (VERA) on July 31, 2006.

The record indicates that complainant applied for the EAS-16 position and that of the 5 candidates, only 3 were selected for the position. Complainant alleges that she was well qualified for the job and was denied the position because of her previous EEO activity. Complainant further alleges that the agency's conduct in not selecting her for the BSN position forced her into retirement which amounts to a constructive discharge.

At the conclusion of the investigation, complainant was informed of the right to request a hearing before an EEOC Administrative Judge or alternatively, to receive a final decision by the agency. Complainant requested a hearing, however, when she failed to comply with the

0120073213

order of the Administrative Judge, her complaint was remanded to the agency for the issuance of a final decision.

In its FAD, the agency found that complainant failed to establish a *prima facie* case of discrimination as alleged. The agency further determined that even assuming, *arguendo*, that complainant established a *prima facie* case, the agency proffered legitimate non-discriminatory reasons for its actions, and that complainant failed to establish that the agency's reasons were a pretext for discrimination.

To prevail in a disparate treatment claim such as this, complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). He must generally establish a *prima facie* case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). The *prima facie* inquiry may be dispensed with in this case, however, since the agency has articulated legitimate and nondiscriminatory reasons for its conduct. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 713-17 (1983); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997). To ultimately prevail, complainant must prove, by a preponderance of the evidence, that the agency's explanation is a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097 (2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519 (1993); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Holley v. Department of Veterans Affairs*, EEOC Request No. 05950842 (November 13, 1997); *Pavelka v. Department of the Navy*, EEOC Request No. 05950351 (December 14, 1995).

The Commission determines that the agency established legitimate non-discriminatory reasons for its actions. Specifically, the agency found that complainant's prior work history was a factor in her non-selection. The agency indicated that complainant's lack of productivity, tardiness, poor work quality and excessive personal phone calls were among the factors considered in the agency's decision not to select complainant for the position. In addition, the agency indicated that complainant's performance did not improve after providing complainant with the opportunity for training and counseling on her work product and performance. The record further indicates that the selectees were determined to be more suitable to fill the positions. Finally, the agency indicates that complainant's decision to retire was entirely voluntary as evidenced by complainant's consent in writing.

The Commission further finds that complainant failed to present evidence that more likely than not, the agency's articulated reasons for its actions were a pretext for discrimination. Complainant fails to provide sufficient evidence of pretext or that she had superior qualifications for the position at issue. Complainant has failed to demonstrate that her non-selection was based on any discriminatory animus towards complainant's protected classes. Moreover, complainant has failed to provide persuasive evidence that her retirement amounted to constructive discharge by the agency.

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the agency's final decision because the preponderance of the evidence of record does not establish that discrimination occurred.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you

4                                          0120073213

work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


**DEC   7 2007**
_____
Date

5                                              0120073213

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Edna C. Lewis-Ramey
739 Countryside Drive
Bolingbrook, IL. 60490

Don Struther
516 Huntington
Glen Carbon, IL. 62034

U.S. Postal Service (Great Lakes)
NEEOISO – Appeals
P.O. Box 21979
Tampa, FL. 33622-1979

**DEC   7 2007**
_____
Date


_____
Equal Opportunity Assistant