UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDNA LEWIS-RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1358 |
| v. | ) | |
| | ) | Judge Gettleman |
| JOHN E. POTTER, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, John E. Potter, Postmaster General, by his attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for the United States Postal Service's answer to plaintiff's complaint, states as follows:

### First Defense

Plaintiff has failed to properly exhaust administrative remedies in connection with her allegation(s) of race discrimination.

### Second Defense

To the extent any of the allegations of her Complaint are outside the scope of her administrative action styled Agency No. 1J-604-0093-06/EEOC Case No. 440-2007-00058X, plaintiff has failed to properly exhaust her administrative remedies.

### Third Defense

In a discrimination action bought against the federal government, including the Postal Service, Title VII is the exclusive preemptive remedy. All other alleged jurisdictional bases must be dismissed.

**Fourth Defense**

Plaintiff is not entitled to an award of punitive or liquidated/double damages against the federal government, including the Postal Service.

**Fifth Defense**

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

1. **Complaint:** This is an action for employment discrimination.

    **Response:** Defendant admits that plaintiff alleges a complaint for employment discrimination but denies illegally discriminating against her.

2. **Complaint:** The plaintiff is Edna Lewis-Ramey of the county of Will in the state of Illinois.

    **Response**: Defendant admits that plaintiff's name is Edna Lewis-Ramey, but is without knowledge or information sufficient to form a belief as to the remainder of this paragraph.

3. **Complaint:** The defendant is John E. Potter, Postmaster General, USPS, who resides at 475 L'Enfant Plaza, S.W., Washington, D.C.  20260-0010.

    **Response**: Defendant admits that (a) John E. Potter, Postmaster General, United States Postal Service (Postal Service), is the proper defendant in this action; and (b) the Postal Service's Headquarters are located at 475 L'Enfant Plaza in Washington D.C. 20260.

4. **Complaint:** The plaintiff sought employment or was employed by the defendant at 3900 Gabrielle Ln., Aurora, Dupage, Illinois 60599.

    **Response**: Admit.

5. **Complaint:** The plaintiff was employed but is no longer employed by the defendant.

    **Response:** Admits.

2

6.     **Complaint:**     The defendant discriminated against the plaintiff on or about, or beginning on or about, May 17, 2006.

**Response:**     Deny.

7.     **Complaint:**     The plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies: The United States Equal Employment Opportunity Commission on or about August 18, 2006. If charges were filed with an agency indicated above, a copy of the charge is attached. YES. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**Response:**     Defendant admits that (a) plaintiff filed a formal compliant of discrimination with the Postal Service on August 16, 2006; and (b) attached to plaintiff's compliant is a December 7, 2007 Decision issued by the EEOC's Office of Federal Operations in connection with plaintiff's administrative action styled Agency No. 1J-602-0060-04/EEOC Case No. 210-2005-00333X/OFO Appeal No. 0120073213. Defendant denies the remaining allegations contained in Paragraph 7 of plaintiff's complaint.

8.     **Complaint:**     The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on December 11-12, 2007, a copy of which *Notice* is attached to this complaint.

**Response:**     Defendant (a) admits that attached to plaintiff's Complaint is a December 7, 2007 Decision issued by the EEOC's Office of Federal Operations in connection with plaintiff's administrative action styled Agency No. 1J-602-0060-04/EEOC Case No. 210-2005-00333X/OFO Appeal No. 0120073213; and (b) is without knowledge or information sufficient to form a belief as to the date of plaintiff's receipt of said decision. Defendant denies the remaining allegations contained in Paragraph 8 of plaintiff's complaint.

9.     **Complaint:**     The defendant discriminated against the plaintiff because of the plaintiff's Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981). Reprisal due to

prior EEO activities against Terry Mallory, was the reason for his discrimination against me which caused my constructive discharge.

        **Response:**   Deny.

   10.   **Complaint:**   The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color or national origin (42 U.S.C. § 1983).  YES

        **Response:**   Deny.  Defendant further avers that the Postal Service (a) is an independent establishment of the executive branch of the federal government; and (b) cannot be sued under 42 U.S.C. § 1983.

   11.   **Complaint:**   Jurisdiction over the statutory violation alleged is conferred as follows: over Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); over 42 U.S.C. §1981 and § 1983 by 42 U.S.C. § 1988l; over the A.D.E.A. by 42 U.S.C. § 12117.

        **Response:**   Defendant admits that this Court has jurisdiction to hear plaintiff's claim under 42 U.S.C. § 2000e, et seq.  Defendant denies the remaining allegations contained in Paragraph 11 of plaintiff's complaint.

   12.   **Complaint:**   The defendant (b) terminated the plaintiff's employment; (c) failed to promote the plaintiff; (f) Although Terry Mallory, BSH Manager gave me an excellent 2005 end-of-year evaluation for my performance, he didn't select me for my position that was upgraded from EAS-13 to EAS-16 through reorganization.  Because of the non-selection, it was possible for me to be reassigned to a position up to 100 miles away in one direction or be terminated.  The early retirement, with 8% penalty, was my only secure Postal source of income to choose, constructive discharge.

        **Response:**   Defendant admits that (a) during her employment with the Postal Service, plaintiff was informed- via correspondence dated May 15, 2006 - that she was not selected to fill the position of Business Service Network Representative, EAS-16; and (b) in the End-of-Year Overall Comments section of plaintiff's Fiscal Year 2005 Performance Evaluation, Manager Terry Mallory indicated that plaintiff "had an excellent FY 05."  Defendant denies the remaining allegations contained in Paragraph 12 of plaintiff's complaint.

13.    **Complaint:**    The facts supporting the plaintiff's claim of discrimination are as follows: My performance and the evaluation by Terry Mallory, reflecting the same, warranted my selection.  The letters of Appreciation from many of my customers and the District manager prove my excellent job performance.  The EEO activities against Terry Mallory, reprisal, is the only reason for my non-selection.  I was the only Black in office and only one not selected.  See additional page.

**Response:**    Paragraph 13 consists of over one page of handwritten allegations and references a four-page, single spaced attachment, which plaintiff characterizes as her "appeal of the final agency decision."  As such, this paragraph violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and should be stricken.  Insofar as an answer is deemed required, defendant (a) admits that plaintiff's entry-on-duty date with the Postal Service is August 30, 1980; (b) admits that in the End-of-Year Overall Comments section of plaintiff's Fiscal Year 2005 Performance Evaluation, Manager Terry Mallory indicated that plaintiff "had an excellent FY '05", (c) admits that plaintiff initiated EEO activity identifying Mallory as an alleged discriminating official prior to initiating the administrative action underlying the Instant Complainant - styled Agency No. 1J-604-0093-06/EEOC Case No. 440-2007-00058X; (d) admits that during the time relevant to the Instant Complaint, plaintiff was employed in the Business Service Network of the Postal Service's Central Illinois District (BSN); (e) admits Mallory is a black male; and (e) is without sufficient knowledge or information sufficient to form a belief as to plaintiff's employing facility in 1980, the date she started working in the BSN or plaintiff's subjective beliefs about this case.  Defendant denies the remaining allegations contained in Paragraph 13 of plaintiff's Complaint.

14.    **Complaint:** [AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**Response:**    Paragraph 14 contains an allegation pertaining to age discrimination, which plaintiff's complaint does not assert.  As such, no answer is required, but insofar as an answer is deemed required, defendant denies that it discriminated against plaintiff.

15.    **Complaint:**    The plaintiff demands that the case be tried by a jury.  YES

**Response:**    Paragraph 15 contains a request for a jury trial to which no answer is required.

16.    **Complaint:**    Therefore, the plaintiff asks that the court grant the following relief to the plaintiff (f) compensate me for the four years for which I took the constructive discharge; (g) if available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

**Response:**    Paragraph 16 constitutes a prayer for relief to which no answer is required, but insofar as an answer is required, defendant denies that plaintiff is entitled to any relief.

WHEREFORE, for the foregoing reasons, defendant respectfully requests that the Court dismiss plaintiff's complaint, enter judgment in favor of defendant, and award defendant such further relief that is just and proper.

Respectfully submitted,

PATRICK J.  FITZGERALD
United States Attorney

By: s/ Donald R. Lorenzen
    DONALD R.  LORENZEN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5330
    donald.lorenzen@usdoj.gov

Dated: May 19, 2008

**Certificate of Service**

Donald R. Lorenzen, an attorney, certifies that on May 19, 2008, he caused the forgoing

Answer to be served by first class U.S. mail upon the following *pro se* plaintiff:

    Edna Lewis Ramey
    739 Countryside Drive
    Bolingbrook, Illinois 60490

        s/ Donald R. Lorenzen
        _____
        DONALD R.  LORENZEN
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5330